IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:06-CV-57-BO

| | |
|---|---|
| DIANE J. HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on parties' Cross-Motions for Judgment on the Pleadings, pursuant to Rule 12 of the Federal Rules of Civil Procedure. A hearing was held on August 8, 2007, in Raleigh, North Carolina. For the reasons stated below, Plaintiff's Motion is GRANTED, Defendant's Motion is DENIED, and this matter is REVERSED.

## BACKGROUND

On October 24, 2003, Plaintiff filed applications fo disability insurance benefits and supplemental security income alleging disabling bipolar disorder since November 4, 1994. Plaintiff's applications were denied both initially and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ"), who subsequently denied Plaintiff's claims. The ALJ's decision became final after the Appeals Council denied review. Plaintiff timely commenced the instant action. On October 13, 2006, Plaintiff moved for remand on the basis that the Commissioner had awarded benefits in a subsequent application. The Court denied the motion letting the matter proceed to judgment on the pleadings.

## ANALYSIS

The scope of judicial review of a final decision regarding disability benefits under the Social Security Act is limited to determining whether the findings of the Administrative Law Judge are supported by substantial evidence and whether the correct law was applied. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g) (providing that findings of fact shall be conclusive if supported by substantial evidence). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment, which significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work. *Id.* Fifth, if a claimant cannot do past relevant work, he or she is disabled if an impairment prevents the claimant from doing other work. *Id.*

At step one, the ALJ held that Plaintiff had engaged in substantial gainful activity since the alleged onset date, but declined to make a decision at this step. At step two, the ALJ found Plaintiff's bipolar disorder and diabetes mellitus to be severe, but they did not meet or equal a listing at step three. At step four, Plaintiff retained the residual functional capacity to perform

2

work at any exertional level, restricting Plaintiff's ability to do simple, routine repetitive tasks, to interact appropriately with coworkers and some to adapt to change. Plaintiff was found capable of performing her past relevant work as a utility systems monitor and was not disabled.

Plaintiff requests the Court to remand this case in light of the new evidence that Plaintiff was declared disabled in a subsequent claim. New evidence must be material and relate only to the period on or before the date of the ALJ decision. 20 C.F.R. § 404.970(b)(1999). For evidence to be material, it must be non-cumulative, relevant and probative of the claimant's condition during the relevant time period. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985); *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 n.3 (4th Cir. 1991). Here, the ALJ denied disability on December 2, 2005, and the subsequent successful application for benefits was awarded beginning December 3, 2005. The subsequent application could not consider that the time period before December 3, 2005, because of the ALJ's order in this case. Inferentially, the conditions alleged subsequent application did not have a physical onset on December 3, 2005, and the evidence of a subsequent successful application is probative of claimant's condition during the relevant time period. Thus, the subsequent application should be considered as new evidence.

Accordingly, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED, and this matter is REMANDED for proceedings consistent with this order including a determination at step one as to Plaintiff's involvement in substantial, gainful activity.

SO ORDERED, this __15__ day of August, 2007.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3